**Anita ZUMEL, Plaintiff—Appellant,**

v.

**ROSS STORES INC.; et al.,**
**Defendants—Appellees.**

**No. 03–15329.**

**D.C. No. CV–02–05256–JW.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Anita Zumel appeals pro se the district court's dismissal for lack of subject matter jurisdiction of her 42 U.S.C. § 1981 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir.2001), and we affirm.

Federal courts are required to examine *sua sponte* the basis of their jurisdiction. *See B.C. v. Plumas Unified Sch. Dist.,* 192 F.3d 1260, 1264 (9th Cir.1999); *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Zumel concedes that the only basis for federal jurisdiction over her action is her claim under 42 U.S.C. § 1981, but she does not allege facts indicating that any defendant's conduct interfered with her ability to make or enforce a contract. *See Imagineering, Inc. v. Kiewit Pacific Co.,* 976 F.2d 1303, 1313 (9th Cir. 1992). The district court may not supply essential elements of the claim that were not initially pled. *See Bruns v. National Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir.1997).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.